# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Docket No. 3:17 cr 31-MOC |
| v. | **BILL OF INFORMATION** |
| (1) MAGGIE ELIZABETH SANDERS, AKA ELIZABETH MAGGIE SANDERS, (5) JAMIE NICOLE MCDANIEL | Violations: 18 U.S.C. § 1956 21 U.S.C. § 841(a)(1) 21 U.S.C. § 841(b)(1)(B) 21 U.S.C. § 841(b)(1)(C) 21 U.S.C. § 846 |

**FILED**
CHARLOTTE, NC

JAN 27 2017

US District Court
Western District of NC

## COUNT ONE
### (Drug Trafficking Conspiracy)

From in or about April 2015, to on or about November 29, 2016, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the Defendant,

**(1) MAGGIE ELIZABETH SANDERS,**
**AKA ELIZABETH MAGGIE SANDERS,**
**(5) JAMIE NICOLE MCDANIEL,**

did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to the United States, to distribute and to possess with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, a violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### Quantity of Heroin Involved in the Conspiracy

It is further alleged that, with respect to the conspiracy offense charged in Count One, a mixture and substance containing over one-hundred (100) grams of heroin, a Schedule I controlled substance, is attributable to, and was reasonably foreseeable by Defendant **(1) MAGGIE ELIZABETH SANDERS AKA ELIZABETH MAGGIE SANDERS.** Accordingly, Title 21, United States Code, Section 841(b)(1)(B) is applicable to Defendant **(1) MAGGIE ELIZABETH SANDERS AKA ELIZABETH MAGGIE SANDERS.**

It is further alleged that, with respect to the conspiracy offense charged in Count One, a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, is attributable to, and was reasonably foreseeable by Defendant **(5) JAMIE NICOLE MCDANIEL**. Accordingly, Title 21, United States Code, Section 841(b)(1)(C) is applicable to Defendant **(5) JAMIE NICOLE MCDANIEL.**

All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## COUNT TWO
### (Money Laundering Conspiracy)

From in or about April 2016 to on or about November 29, 2016, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the Defendant,

**(1) MAGGIE ELIZABETH SANDERS,
AKA ELIZABETH MAGGIE SANDERS,
(5) JAMIE NICOLE MCDANIEL,**

did knowingly combine, conspire, confederate and agree with other persons, known and unknown to the United States, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the manufacture, importation, sale, or distribution of a controlled substance, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

# NOTICE OF FORFEITURE

Notice is hereby given of 21 U.S.C. § 853. The following property is subject to forfeiture in accordance with Section 853:

a.  All property which constitutes or is derived from proceeds of the violations set forth in this bill of information;

b.  All property used or intended to be used in any manner or part to commit or facilitate such violations;

c.  If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b);

The following property is subject to forfeiture on one or more of the grounds set forth above:

- Firearms seized during the investigation on April 28, 2016, and November 29, 2016, to wit:

    a) Sig Arms P229 semi-auto .357 caliber firearm;
    b) 9mm handgun, pink in color.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY


SANJEEV BHASKER
ASSISTANT UNITED STATES ATTORNEY